Evidence of possession of the liquor found on the railroad right-of-way could not support appellant's conviction in the absence of proof that such was possessed in a dry area. Sims v. State, 157 Tex.Cr.R. 192, 247 S.W.2d 1022; Teal v. State, 159 Tex.Cr.R. 289, 263 S.W.2d 260; and Hunt v. State, 160 Tex.Cr.R. 115, 269 S.W.2d 385.

We find the allegations of the information sufficient to charge an offense. The allegation that the Commissioners' Court "did pass an order declaring the result of said election, and prohibiting the sale of intoxicating liquors in said County of Collin, etc." was a sufficient statement of the fact that the result of said election was to prohibit the sale of intoxicating liquors in the County. Mason v. State, 133 Tex.Cr.R. 366, 110 S.W.2d 1153.

Because of the insufficiency of the evidence, the judgment is reversed and the cause remanded.

Opinion approved by the Court.

**Sylvester LARA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 28980.**

Court of Criminal Appeals of Texas.

April 24, 1957.

No attorney for appellant of record on appeal.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

The conviction, on a plea of guilty before the court, is for the possession of whisky for the purpose of sale in a dry area, with a prior conviction alleged for enhancement; the punishment, 10 days in jail and a fine of $250.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular and nothing is presented for review. The judgment is affirmed.